**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KRYSTIAN SOBOTA,

    Plaintiff,

v.

PNC BANK, NATIONAL
ASSOCIATION,

    Defendant.

Case No. 1:21-cv-02216

## COMPLAINT

**NOW COMES** Plaintiff, KRYSTIAN SOBOTA, through undersigned counsel, complaining of Defendant, PNC BANK, NATIONAL ASSOCIATION, as follows:

## NATURE OF THE ACTION

1.    This action is seeking redress for willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

2.    Section 1681 sets forth the congressional findings that prompted the adoption of the FCRA as well as the purpose of the Act. In this section, Congress made it clear that the FCRA is designed to preserve the consumer's privacy in the information maintained by consumer reporting agencies. *See* 15 U.S.C. § 1681(a)(4). Specifically, Congress stated: "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *Id*.; *see also Trans Union Corp. v. FTC*, 317 U.S. App. D.C. 133, 81 F.3d 228, 234 (D.C. Cir. 1996) ("Along with accuracy of collected information, a major purpose of the Act is the privacy of a consumer's credit-related data."); Amicus Br. at 15-16. One means by which Congress effectuated this purpose was

1

prohibiting the release of consumer credit reports unless the release occurs for one of the permissible purposes set forth in 15 U.S.C. § 1681b(a). Section 1681b(a) in turn provides that, "subject to subsection (c) of this section, any consumer agency may furnish a consumer report under the following circumstances and no other . . . ."

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      KRYSTIAN SOBOTA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 7N046 Eagle Terrace, Medinah, Illinois 60157.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

7.      Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

8.      PNC BANK, NATIONAL ASSOCIATION ("Defendant" is a national banking association organized and existing under the laws of the state of Delaware.

9.      Defendant has its principal place of business at The Tower at PNC Plaza, 300 Fifth Avenue, Pittsburgh, Pennsylvania 15222.

10.     Defendant is a "person" as defined by 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

11.     Two months ago, Plaintiff's wife, Justyna Sobota ("Justyna"), purchased a 2021 Chevrolet Tahoe (the "Vehicle") from Ziegler Chevrolet Schaumburg.

12.     Justyna financed the Vehicle purchase through an installment loan with Fifth Third Bank.

13.     Plaintiff, himself, did not finance the Vehicle.

2

14.     Seeking lower rates however, Justyna visited Defendant's location at 550 Meacham Road, Elk Grove Village, Illinois 60007—where *she* banks—on March 29, 2021.

15.     Plaintiff last banked with Defendant about two years ago.

16.     Plaintiff remained home with Plaintiff's kids.

17.     Justyna supplied Defendant's account associate, Albert, with Justyna's information.

18.     Notwithstanding, Defendant accessed Plaintiff's Experian® credit report.

19.     Plaintiff ***did not*** authorize Defendant accessing Plaintiff's Experian® credit report.

20.     Plaintiff ***did not*** have open accounts with Defendant.

21.     ***Viewing Plaintiff's Experian® credit report***, Albert mentioned bankruptcy—confusing Justyna.

22.     Justyna ***has not*** sought bankruptcy relief.

23.     Justyna ***did not*** know of Plaintiff's bankruptcy.

24.     Plaintiff is informed and believes Albert retrieved Plaintiff's sensitive personal information from Defendant's computer system.

25.     Plaintiff is informed and believes Defendant misrepresented Plaintiff was applying for financing OR Plaintiff has existing business relations with Defendant.

26.     Plaintiff is informed and believes Defendant received Plaintiff's sensitive personal information under false pretenses.

27.     Defendant mailed Plaintiff a letter, dated March 29, 2021, which stated:

RE: Loan Application [REDACTED]

Dear Krystian Sobota:

Thank you for the recent Installment Loan Application. After careful consideration, we regret to inform you that we cannot grant the request for credit at this time.

Your application was processed by a credit scoring system that assigns a numeric value to the various items of information we consider in evaluating an application. These numeric

3

values are based upon the results of analysis of repayment histories of a large number of customers.

The information you provided us in your application did not score a sufficient number of points for approval. The reasons you did not score well compared with other applicants are:

- Serious delinquency and public record of collection filed
- Time since delinquency is too recent or unknown
- Lack of recent installment loan information
- Too many accounts with balances

Our credit decision was based in whole or in part on information obtained from the consumer reporting agency(ies) listed below:

Experian
701 Experian Parkway
P.O. Box 2002
Allen, TX 75013
1-888-397-3742
www.experian.com

28.     As noted above, Plaintiff ***did not*** submit an Installment Loan Application to Defendant.

## **DAMAGES**

29.     Defendant's intrusive conduct caused serious harm to Plaintiff.

30.     Specifically, Defendant's credit inquiry is considered "hard inquiry," adversely affecting consumers' credit scores.[1]

31.     Accordingly, Plaintiff's credit score was adversely affected by Defendant's unauthorized "hard inquiry."

32.     Defendant's "hard inquiry" will remain on Plaintiff's Experian® credit report until April 2023.

---

[1] Hard inquiries adversely impact a consumers' credit scores. "Credit Checks: What are credit inquiries and how they affect your FICO Score?" MyFICO, www.myfico.com/credit-education/credit-reports/credit -checks-and-inquiries.

33.     Moreover, Defendant's "hard inquiry" constitutes an invasion of Plaintiff's privacy rights.

34.     Concerned with having had his rights violated, Plaintiff sought counsel—expending time and incurring attorney's fees to compel removal of Defendant's "hard inquiry" from Plaintiff's Experian® credit report.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Credit Reporting Act—15 U.S.C. § 1681 *et seq.*

35.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36.     The FCRA defines a consumer report as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used" to determine that consumer's eligibility for credit or employment purposes.  15 U.S.C. § 1681a(d).

37.     A consumer report may also be used for "any other purposes authorized under section 1681b … ."  *Id.*

38.     Section 1681b then goes on to list additional permissible purposes, such as if the requesting part "intends to use the information in connection with a credit transaction," "for employment purposes," for insurance underwriting, for a "legitimate business need … in connection with a business transaction," or for a "legitimate business need … to review an account to determine whether the consumer continues to meet the terms of the account."  15 U.S.C. § 1681b(a)(3).

5

39.     Any other use of a consumer report is prohibited. *Id*. § 1681b(f). ("A person shall not use or obtain a consumer report for any purpose unless … the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section.").

40.     The aforementioned Experian® credit report is a "consumer report" as defined by 15 U.S.C. § 1681a(d)(1).

41.     Defendant accessed Plaintiff's Experian® credit report under false pretenses and without a permissible purpose; violating § 1681b(f).

42.     At the time Defendant requested the information on March 29, 2021, Defendant had no reason to pull Plaintiff's Experian® credit report as he did not apply for credit nor was there an existing business relationship between Plaintiff and Defendant.

43.     Therefore, the pull was without "a legitimate business need" and not in connection with any transaction.

44.     15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of—

(1)

    (A)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

45.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of—

    (1)     any actual damages sustained by the consumer as a result of the failure; and

    (2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

46.     Defendant's complete indifference as to its obligations under the FCRA reveals a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.     find Defendant in violation of 15 U.S.C. § 1681b(f).

B.     award any actual damages to Plaintiff as a result of Defendant's violation;

C.     award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.     award any punitive damages, as the Court may allow;

E.     award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.     award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: April 26, 2021                    Respectfully submitted,

**KRYSTIAN SOBOTA**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com

8